Córdova Arone, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
Auto Servi, Inc. (en adelante "Auto Serví") recurre a este Tribunal de Circuito de Apelaciones solicitando la revisión de la orden dictada por el Tribunal de Primera Instancia, Sala Superior de Ponce, el día 6 de julio de 1995. Mediante dicha orden se resolvió que aún cuando el Estado Libre *1168 Asociado de Puerto Rico (en adelante "ELA") aceptó que Auto Servi era inocente de los hechos que dieron lugar a la confiscación de un automóvil, lo mismo no equivale a decir que Auto Servi es un tercero inocente.
Corresponde a este Tribunal examinar si el aceptar en una contestación a la demanda en un caso de impugnación de confiscación que la demandante es inocente de los actos delictivos cometidos implica que se acepta que Auto Servi es un tercero inocente para efectos de la Ley Uniforme de Confiscaciones. Nuestra contestación es en la negativa. Para explicar nuestra conclusión es preciso hacer una síntesis de los hechos que dieron margen al presente pleito.
Auto Servi, Inc. es una corporación autorizada a hacer negocios en Puerto Rico que se dedica al negocio de arrendamiento de vehículos de motor bajo el nombre comercial de la franquicia "Budget Rent-A-Car". El día 17 de mayo de 1994, la Sra. Ivelisse Pastrana le arrendó a Auto Servi el vehículo Ford, modelo Aereostar 1994, tablilla BRY-313. De acuerdo con el contrato de arrendamiento, la arrendataria estaba obligada a entregar el vehículo arrendado el 27 de mayo de 1994.
El día 8 de junio de 1994, el vehículo fue confiscado porque alegadamente había sido utilizado para cometer un robo, violándose también los artículos 6 y 8 de la Ley de Armas. La Junta de Confiscaciones del Departamento de Justicia le informó a los peticionarios en el caso de epígrafe acerca de la confiscación mediante carta de 22 de junio de 1994.
A la luz de estos hechos, Auto Servi incoó una demanda de impugnación de confiscación contra el Estado Libre Asociado alegando, entre otras cosas, que de haberse cometido los actos ilegales que dieron lugar a la demanda, los mismos no justificaban la confiscación del automóvil y que Auto Servi es inocente de los alegados hechos que provocaron la confiscación El ELA contestó la demanda aceptando que Auto Servi era inocente de los hechos que provocaron la confiscación, pero negando que la confiscación de la propiedad de éstos no estuviera justificada. El ELA negó los párrafos quinto al noveno de la demanda, estableciendo de esta forma que Auto Servi no era un tercero inocente a los fines de impugnar la confiscación. Véase Richmond Steel, Inc. v. Legal and General Assurance Society, Ltd., 821 F.Supp. 793 (D. Puerto Rico 1993).
Entablado el pleito de esta manera, Auto Servi radicó el 6 de febrero de una moción solicitando que se dictara sentencia sumaria a su favor. El ELA se opuso a esta solicitud y el Tribunal de Instancia declaró la misma no ha lugar mediante resolución de 11 de abril de 1995.
Posteriormente, en una vista celebrada el día 7 de junio de 1995, Auto Servi trajo nuevamente el planteamiento de que no existía controversia alguna que adjudicar en juicio ya que el ELA había aceptado en su contestación a la demanda que aquélla es un tercero inocente y no planteó afirmativamente que no lo fuera. Esto sin aclarar que lo que había aceptado el Estado Libre Asociado de Puerto Rico únicamente era que Auto Servi era inocente de los actos delictivos cometidos, no que era tercero inocente en cuanto a la confiscación.
Ante esta situación, el Tribunal a quo le concedió a Auto Servi un término de veinte (20) días para fundamentar por escrito su planteamiento. Auto Servi cumplió con esta orden y el Tribunal de Instancia declaró sin lugar sus argumentos el día 6 de julio de 1995. Es ante esta determinación del Tribunal que se recurre ante nos.
II
En nuestro sistema de derecho se ha establecido reiteradamente que el procedimiento de confiscación establecido en la Ley Uniforme de Confiscaciones, Ley Núm. 93 de 13 de julio de 1988, según enmendada, 34 L.P.R.A. see. 1723-17230, es de carácter in rem; es decir, va dirigido contra la cosa misma y no contra el dueño de la propiedad, su poseedor, encargado o cualquier otra persona con algún interés legal sobre la misma. Por ello, si el dueño, poseedor o encargado del vehículo, o la persona con interés legal sobre el mismo voluntariamente ha puesto dicho vehículo en posesión del infractor o de la persona bajo la cual éste actúa, los derechos de aquéllos corren la suerte del uso a que el infractor pueda someter al vehículo. General Accident Insurance Co., 139 D.P.R._(1994), 94 J.T.S. 140; Del Toro Lugo v. E.L.A., 138 D.P.R._(1994), 94 J.T.S. 119.
*1169 Debemos tener presente cuál es el propósito que movió al legislador cuando se redactó la Ley Uniforme de Confiscaciones, según surge de la exposición de motivos de la misma:

"La actividad delictiva ha ido transformando sus métodos y maneras de operar a la par con los cambios sociales, tecnológicos y económicos de nuestra sociedad. Los delincuentes están utilizando como instrumentos para su nefasta labor toda clase de bienes y propiedades que les faciliten la comisión de delitos. Es sorprendente la diversidad de equipos y artefactos sofisticados que se utilizan para violar la ley, especialmente cuando en muchas ocasiones la utilización de dicha propiedad garantiza la consumación del resultado esperado por el transgresor.

La confiscación de los bienes que propician la comisión de un delito puede ser un elemento disuasivo para el delincuente que por temor a exponerse al peligro de perder su propiedad limita su actividad delictiva o no le resulta tan fácil su realización. Además, es de justicia que la sociedad que ha sido perjudicada por las acciones delictivas pueda obtener algún beneficio mediante la confiscación de la propiedad utilizada en la comisión de un delito y se detenga su uso para futuras actuaciones delictivas."

La Ley que nos ocupa fue elaborada sobre la base de que las autoridades gubernamentales utilicen la confiscación del instrumento del crimen como medio en la lucha contra el crimen evitando así que el mismo pueda ser utilizado nuevamente para fines ilícitos. Esta Ley tiene el propósito dual de castigar y disuadir a los criminales frenando de esta manera el creciente auge en las actividades delictivas en nuestro país. Es de conocimiento general que los delincuentes se valen de todo tipo de bienes para alcanzar sus objetivos criminales, por lo que se hace inminente tomar medidas para controlar dicha conducta.
Tratándose de un procedimiento in rem la diferenciación entre el dueño del automóvil y la persona que cometió el crimen tiene poca importancia. Ambos están cobijados bajo el mismo procedimiento. Tanto el dueño del automóvil como la persona que comete el delito o cualquier otra parte con interés en el vehículo, están sujetas a la naturaleza in rem de la confiscación.
Debemos puntualizar que el hecho de que el procedimiento de confiscación sea uno de naturaleza in rem no lo priva de su carácter punitivo, por lo que cada caso debe verse dentro de las circunstancias particulares que lo rodean. Ochoteco v. Tribunal Superior, 88 D.P.R. 517 (1963).
No obstante la severidad de la norma establecida en la Ley Uniforme de Confiscaciones, a partir de Ochoteco v. Tribunal Superior, supra, la misma ha sufrido una ruta de atenuación introduciéndose la figura del "tercero inocente". Nos dijo en este caso el Supremo:

"...aquel que cede o entrega la posesión de un vehículo de ordinario asume el riesgo del uso ilegal que pudiera dársele al mismo. Pero no toda entrega de la posesión de un vehículo tiene iguales motivaciones ni idéntica justificación, ni la misma necesidad, ni similares propósitos."

Nuestro más alto foro ha determinado que el carácter de "tercero inocente" sólo depende de la naturaleza de la posesión o uso del vehículo por el infractor. Si la persona que comete el delito no obtuvo la posesión del vehículo de manera voluntaria o si se apartó sustancialmente de las medidas cautelares o las instrucciones particulares expresas del que le entregó dicha posesión, incurriendo en lo que antes se conocía como hurto de uso, entonces, y sólo entonces, el dueño del vehículo es "tercero inocente", protegido contra la confiscación. Esto es una cuestión sobre la cual el tribunal deberá escuchar y aquilatar prueba.
De acuerdo con lo anterior concluimos que el hecho de que la persona dueña del automóvil confiscado sea inocente de los cargos criminales que dieron lugar a la confiscación, no representa, necesariamente, que sea un tercero inocente para los fines de la Ley Uniforme de Confiscaciones. Como establecimos anteriormente, en el primer caso se trata de un procedimiento in personam y en el segundo se trata de un procedimiento in rem.
Por otro lado, Auto Servi alega que es un tercero inocente porque, entre otras cosas, el contrato de arrendamiento que otorgó con su cliente en este caso especificaba que éste no podía utilizar el *1170 automóvil para fines ilegales y de utilizarse para estos fines no procedería la confiscación. Esto no priva ni puede privar en absoluto el derecho del Estado y no exime ni puede eximir unilateralmente a Auto Servi de las disposiciones de la Ley Uniforme de Confiscaciones.
Resolver lo contrario implicaría que este Tribunal le da carta blanca a los delincuentes para que alquilen automóviles para cometer sus fechorías, evitando así la confiscación de los mismos.
Claro está, en casos como el de epígrafe se le debe brindar la oportunidad a la compañía de alquiler de autos para que en un juicio plenario presente prueba a su favor para que el tribunal, a base de la prueba desfilada y la credibilidad que le merezcan los testigos, determine si la misma es o no un tercero inocente a los fines de impugnar la confiscación.
III
Por los motivos antes expuestos, se confirma la resolución del Tribunal de Instancia de 6 de julio de 1995, determinándose que para los fines de la Ley Uniforme de Confiscaciones el hecho de que el Estado Libre Asociado de Puerto Rico haya aceptado en su contestación a la demanda que Auto Servi es inocente de los actos delictivos que originaron la confiscación, no implica que haya aceptado que es un tercero inocente a los fines de impugnar la misma. Toda vez que el Estado Libre Asociado de Puerto Rico en su contestación a la demanda negó que no se justificaba la confiscación del vehículo en el caso de epígrafe, queda trabada una controversia que deberá ser resuelta por el Tribunal de Instancia en un juicio en su fondo.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 299
1. Los incisos 6, 7, 8 y 9 de la demanda leen como sigue:

"6. De haberse cometido los actos ilegales mencionados en el párrafo cuatro de la demanda de autos, los mismos no justifican la confiscación del automóvil propiedad de Auto Servi, ya que éste no tenía conocimiento alguno de que el vehículo arrendado iba a ser usado para un robo y en violación a la Ley de Armas.

7. De haberse cometido los actos ilegales mencionados en el párrafo cuarto de la demanda de autos, los mismos no justifican la confiscación del automóvil propiedad de Auto Servi, ya que éste no había, ni expresa ni implícitamente, dado su permiso o consentimiento para que se usara ilegalmente dicho vehículo.

8. De haberse cometido los actos ilegales mencionados en el párrafo cuarto de la demanda de autos, los mismos no justifican la confiscación del automóvil propiedad de Auto Servi, ya que éste no tenía ni tiene conexión alguna con dichos actos.

9. De haberse cometido los actos ilegales mencionados en el párrafo cuarto de la demanda de autos, Auto Servi hizo todo lo que estaba a su alcance para asegurarse de que el vehículo que le arrendó a Pastrana no fuera utilizado para propósitos ilegales."

El Estado Libre Asociado de Puerto Rico negó todas estas alegaciones en su contestación a la demanda.
2. El inciso 10 de la demanda de Auto Servi establecía:

"10. Auto Servi es inocente de los alegados hechos que provocaron la confiscación del vehículo de su propiedad."

El Estado Libre Asociado de Puerto Rico aceptó esta alegación.